CURTIN v. BENSON et al.

(Circuit Court, N. D. California. December 11, 1907.)

No. 13,827.

WOODS AND FORESTS—NATIONAL PARKS—VALIDITY OF REGULATIONS.

Rules 9 and 10 of the rules and regulations established by the Department of the Interior for the government of the Yosemite National Park, which provide that owners of patented lands within the park limits shall have the boundaries thereof so marked and defined as that they may be readily distinguished from the park lands, and prohibiting the driving of stock over the park lands without written permission from the superintendent, are valid; and the superintendent may lawfully refuse to permit stock to be driven over the park lands, or over established toll roads therein, to or from the lands of a private owner, or to permit such owner to graze stock on his land, until he shall have complied with such rules by marking his boundaries.

In Equity. This was a suit brought by the plaintiff to obtain a decree enjoining the defendants from doing certain of the acts set forth in the findings of the court.

J. B. Curtin and Marshall B. Woodworth, for complainant.

Robert T. Devlin, U. S. Atty., and George Clark, Asst. U. S. Atty., for defendants.

DE HAVEN, District Judge. Upon consideration of the evidence and the agreed statement of facts, filed herein June 13, 1906, I find the following facts:

(1) That the plaintiff, J. B. Curtin, owns within the limits of the Yosemite National Park the following described lands: N. ½ of section 16, and S. E. ¼ of section 18, in township 2 S., range 20 E. That in addition thereto he leases from other parties the following described lands within the said Yosemite National Park: W. ½ of the S. W. ¼ and S. E. ¼ of S. W. ¼ of section 14, N. E. ¼ of N. W. ¼ of section 23, and all of section 17, in township 2 S., range 20 E., and the S. W. ¼ of section 13, township 2 S., range 19 E.

(2) That leading to said lands so owned and leased in the said Yosemite National Park by the plaintiff herein are toll roads over which the public may pass upon payment of the fees exacted by the corporation controlling said roads; said roads having been established many years prior to the creation of said park.

(3) That the defendant Maj. H. C. Benson is the duly appointed, qualified, and acting superintendent of said Yosemite National Park, and was at the time of the commencement of the action herein such superintendent, and has continuously acted in that capacity from that date until the present time.

(4) That the Department of the Interior has established certain rules and regulations for the government of the said Yosemite National Park, which said rules and regulations the defendant herein, as such superintendent of the said Yosemite National Park, is obliged to enforce, and for the purpose of enforcing said rules and regulations he has a body of troops under his command.

(5) That among other rules and regulations promulgated and established by the Secretary of the Interior are the following: "(9) Owners of patented lands within the park, limits are entitled to the full use and enjoyment thereof. Such lands, however, shall have the metes and bounds thereof so marked and defined as that they may be readily distinguished from the park lands. Stock may be taken over the park lands to patented lands with the written permission and under the supervision of the superintendent. (10) The herding or grazing of loose stock or cattle of any kind on the government lands in the park, as well as the driving of such stock or cattle over the same, is strictly forbidden, except in such cases where authority therefor is granted by the superintendent."

(6) That the plaintiff, J. B. Curtin, claims the right to drive his cattle to his said lands owned and leased by him as aforesaid in the Yosemite National Park without complying with the provisions of sections 9 and 10 of the rules and regulations as set forth above, claiming said rules and regulations to be invalid, and claiming that to deprive him of the right so to drive his cattle to and from, and graze his cattle upon his land would work irreparable injury to him.

(7) That the plaintiff herein did on one occasion place cattle upon his said lands in said Yosemite National Park, and that the said defendant H. C. Benson, as such superintendent, did immediately remove said cattle from said lands and refuse to allow the same to be grazed thereon until said plaintiff complied with said rules and regulations. That prior to the commencement of this action the defendant H. C. Benson, as such superintendent of said Yosemite National Park, did refuse to allow and by force did prevent said plaintiff from driving any of his said cattle or horses in, upon, or over said toll roads to his said lands in said park, and did prevent said plaintiff from using any of his said lands in said park until the metes and bounds thereof were properly pointed out. That the defendant H. C. Benson, as such superintendent, has enforced, and will continue to enforce as such superintendent of the Yosemite National Park, the rules and regulations hereinbefore set out, until the same. are declared invalid by competent authority, or his orders in reference to enforcement thereof are changed.

As a conclusion of law from the foregoing facts, and the facts admitted by the pleadings, I find that the rules and regulations made by the Secretary of the Interior, numbered 9 and 10, for the government and superintendence of the Yosemite National Park, and set out in the foregoing finding numbered 5, are valid.

2. That plaintiff is not entitled to the relief prayed for in the bill of complaint, or any relief.

3. That defendants are entitled to a judgment dismissing the bill of complaint, and for their costs.

Let such decree be entered.